# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LBCMT 2007-C3 EAST 8 MILE
ROAD, LLC, a Delaware limited
liability company,

       Plaintiff,

vs.

JENO GUTTMAN, an individual,

       Defendant.

Case No.

Hon.

---

Brian M. Moore (P58584)
Michael R. Vogt (P74168)
DYKEMA GOSSETT PLLC
*Attorneys for Plaintiff*
39577 Woodward Ave., Ste. 300
Bloomfield Hills, Michigan 48304
(248) 203-0772
bmoore@dykema.com
mvogt@dykema.com

---

## VERIFIED COMPLAINT

Plaintiff LBCMT 2007-C3 East 8 Mile Road, LLC, through its attorneys, Dykema Gossett PLLC, for its Verified Complaint, states as follows:

## PARTIES

1. Plaintiff LBCMT 2007-C3 East 8 Mile Road, LLC ("Note A Lender") is a Delaware limited liability company, acting by and through LNR Partners,

1

LLC, in its capacity as Special Servicer for Note A Holder and Dawn REO, LLC ("Note B Holder") (Note A Lender and Note B Lender are collectively referred to as "Lenders").

2. Defendant Jeno Guttman ("Guarantor") is an individual that, upon information and belief, is domiciled in the State of New York.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorneys' fees.

4. For purposes of diversity of citizenship, "a limited liability company . . . has the citizenship of its members." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). A trust is the citizen of the state(s) in which its trustee is a citizen. *Navarro Savings Assoc. v. Lee*, 466 U.S. 458, 464 (1980). A national banking association is a citizen of "the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, Nat'l Ass'n v. Schmidt, III*, 546 U.S. 303, 307 (2006); accord, *Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 709 (9th Cir. 2013) ["a national bank is a citizen only of the state in which its main office is located"], and *see*, 28 U.S.C. § 1348.

5. Note A Lender is a limited liability company, its sole member is U.S. Bank National Association, as trustee for the Registered Holders of LB-UBS Commercial Mortgage Trust 2007-C3, Commercial Mortgage Pass-Through Certificates, Series 2007-C3 ("Trust"), and U.S. Bank National Association is the trustee of the Trust. The Amended and Restated Articles of Association for U.S. Bank designate its main office in Cincinnati, Ohio. Therefore, Note A Lender is a citizen of Ohio for diversity purposes. As such, diversity exists between Note A Lender and Guarantor because Note A Lender is a citizen of Ohio and, upon information and belief, Guarantor is a citizen of New York.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims at issue arise out of a breach of certain loan documents and the enforcement of certain guarantees executed in connection with commercial property located in City of Eastpointe, Macomb County, Michigan.

## GENERAL ALLEGATIONS

### Relevant History of Loan Documents[1]

7. Non-party borrower JGMM Realty, LLC ("Borrower" or "JGMM") owned commercial real property commonly known as 17755 Eight Mile Road, Eastpointe, Michigan 48021 ("Property").

---

[1] The factual background concerning the loan transaction is supported by the Declaration of John Yee, attached as **Exhibit 1**. The referenced letter exhibits are attached to the Declaration. The term "Loan Documents" as used herein has the meaning set forth in the Declaration.

3

8. On or about June 8, 2007, Lehman Brothers Bank, FSB ("Lehman Brothers" or "Original Lender") loaned JGMM $6,103,000, as evidenced by Promissory Note A in the original principal amount of $5,744,000.00 ("Note A"), and Promissory Note B in the original principal amount of $359,000.00 ("Note B") (Note A and Note B are collectively referred to as the "Notes") (the loans are collectively referred to as the "Loans"). The maturity date of the Loans was June 11, 2014. *See* Note A, as **Exhibit A**; *see* Note B, as **Exhibit B**.

9. To secure repayment of the Loans, evidenced by the Notes, Borrower executed several security documents in favor of Original Lender, including a Mortgage dated June 8, 2007 and recorded June 18, 2007, and Assignment of Leases and Rents dated June 8, 2007 and recorded June 18, 2007.

10. As additional security for repayment of the Loans, Guarantor executed certain personal guarantees.

11. Pursuant to Guaranty of Payment (Note A) ("Note A Guaranty"), Guarantor absolutely, unconditionally and irrevocably guaranteed and promised to pay Original Lender (and Original Lender's successors and assigns) all amounts, obligations and liabilities due and owing by Borrower under Note A and the Loan Documents, including without limitation, principal, accrued interest and late charges, with such liability not to exceed $1,148,800. In addition, Guarantor separately agreed to reimburse lender for all expenses incurred by lender in

4

connection with collection against Borrower and enforcement of the Note A Guaranty, including costs and attorney's fees. *See* Note A Guaranty, as **Exhibit C**.

12. Pursuant to Guaranty of Payment (Note B) ("Note B Guaranty", together with Note A Guaranty, the "Guarantees"), Guarantor absolutely, unconditionally and irrevocably guaranteed and promised to pay Original Lender (and Original Lender's successors and assigns) all amounts, obligations and liabilities due and owing by Borrower under Note B and the Loan Documents, including without limitation, principal, accrued interest and late charges. In addition, Guarantor separately agreed to reimburse lender for all expenses incurred by lender in connection with collection against Borrower and enforcement of the Note B Guaranty, including costs and attorney's fees. *See* Note B Guaranty, as **Exhibit D**.

13. Pursuant to the Guarantees, Guarantor expressly acknowledged and agreed that "[t]his is a continuing Guaranty and that the obligations of Guarantor hereunder are and shall be absolute under any and all circumstances, without regard to the validity, regularity or enforceability of the Note[s]…or the other Loan Documents" and, further, expressly waived "presentment, demand for payment, protest, notice of protest, or any and all notice of non-payment, non-performance or non-observance, or other proof, or notice or demand, whereby to charge Guarantor therefor." Exhibit C, p. 3; Exhibit D, p. 2.

14. Pursuant to various assignments and allonges, as detailed and attached to the Declaration of John Yee (*see* Exhibit 1, Exhibits E – O), Lenders currently hold the Loan Documents. LNR, as Special Servicer of the Loans, is in possession of the original Note A, Note B and Guaranties.

## Default and Foreclosure of the Property

15. Borrower failed to pay the total amounts due and owing of the Loans by the maturity date, constituting an Event of Default under the Loan Documents.

16. As a result of Borrower's default, Note A Lender exercised its rights under the Loan Documents and sought to foreclose the Property.

17. Despite its undisputed default on its obligations under Note A and Note B, Borrower filed an action against only LNR in Macomb County Circuit Court seeking to enjoin the foreclosure sale (Case No. 16-000326-CK, "MCCC Case").

18. LNR removed the MCCC Case to this Court, wherein Borrower amended its complaint adding Note A Lender as an additional defendant (Case No. 16-cv-10633, "Borrower Case").

19. On April 28, 2016, in the Borrower Case, this Court denied Borrower's emergency motion for an injunction, finding, in part, that "there is no dispute that [Borrower] has defaulted on the two notes". *See* Borrower Case,

Docket #14, Order Denying Plaintiff's March 10, 2016 Motion for Preliminary Injunction, as attached **Exhibit 2**.

20. As a result of Borrower's default, on May 27, 2016, Note A Lender as lead lender exercised its rights under the Loan Documents and foreclosed the Property at the bid price of $4,305,113. *See* Sheriff's Deed attached as **Exhibit 3**.

21. On August 2, 2016, in the Borrower Case, this Court granted defendants' motion to dismiss and denied Borrower's motion to amend its complaint, holding, in part, that Borrower's claims based on alleged deficiencies in various assignments of Loan Documents "fail as a matter of law…due to a lack of standing." *See* Borrower Case, Docket #29, Order Denying Plaintiff's June 30, 2016 Amended Motion for Leave to Amend and Granting Defendants' June 3, 2016 Motion to Dismiss and/or for Summary Judgment ("Dismissal Order"); *see also,* Judgment, as **Exhibit 4**.

22. In dismissing the Borrower Case, this Court expressly held that lender has "produced ample documentation that it is in possession of the original notes and all related allonges and has been properly assigned an interest in all relevant loan documents" and "demonstrated a clear, unbroken chain of title of the loan documents." Ex. 3, pp. 2-3.

7

23. Pursuant to the Guarantees, upon an event of default of the Borrower, the Guarantor shall, without notice, immediately become liable for all amounts owed under the Guarantees.

24. Guarantor has failed and/or refused to pay all amounts due and owing under the Guarantees.

25. As of September 1, 2016, the total outstanding amount due and owing under Note A is $1,527,374.35 and, therefore, Guarantor is liable for $1,148,800 under the Note A Guaranty. *See* Exhibit 1, ¶ 26.

26. As of September 1, 2016, the total outstanding amount due and owing under Note B, inclusive of costs and attorney's fees, is $570,448.40 and, therefore, Guarantor is liable for $570,448.40 under the Note B Guaranty. *Id*, ¶ 27.

## COUNT I

## BREACH OF CONTRACT / ENFORCEMENT OF NOTE A GUARANTY

27. Plaintiff incorporates by reference all of the preceding paragraphs in their entirety as if fully restated herein.

28. Borrower is in default of the Loans by failing to pay all amounts due and owing under the Loan Documents.

29. The Note A Guaranty is a valid and enforceable contract.

30. Guarantor is in default of the Note A Guaranty by failing to pay all amounts due and owing under Note A and the Loan Documents.

31. As of September 1, 2016, the total outstanding amount due and owing under Note A is $1,527,374.35 and, therefore, Guarantor is liable for $1,148,800 under the Note A Guaranty.

WHEREFORE, Plaintiff LBCMT 2007-C3 East 8 Mile Road, LLC respectfully requests that this Court enter a judgment against Guarantor, for the full amount due and owing under the Note A Guaranty, together with accruing interest, late fees, costs, and attorney's fees, and grant such other or additional relief as the Court deems just and proper.

## COUNT II

## BREACH OF CONTRACT / ENFORCEMENT OF NOTE B GUARANTY

32. Plaintiff incorporate by reference all of the preceding paragraphs in their entirety as if fully restated herein.

33. Borrower is in default of the Loans by failing to pay all amounts due and owing under the Loan Documents.

34. The Note B Guaranty is a valid and enforceable contract.

35. Guarantor is in default of the Note B Guaranty by failing to pay all amounts due and owing under Note B and the Loan Documents.

36. Additionally, Note B Lender is contractually entitled to an award of its expenses, costs and attorney's fees incurred in connection with collection against Borrower and enforcement of the Note B Guaranty.

37. As of September 1, 2016, the total outstanding amount due and owing under Note B, inclusive of costs and attorney's fees, is $570,448.40 and, therefore, Guarantor is liable for $570,448.40 under the Note B Guaranty.

WHEREFORE, LBCMT 2007-C3 East 8 Mile Road, LLC respectfully requests that this Court enter a judgment against Guarantor, for the full amount due and owing under the Note B Guaranty, together with accruing interest, late fees, costs, and attorney's fees, and grant such other or additional relief as the Court deems just and proper.

*Respectfully submitted,*

**DYKEMA GOSSETT PLLC**

By: /s/ Michael R. Vogt
    Brian M. Moore (P58584)
    Michael R. Vogt (P74168)
    Dykema Gossett PLLC
    *Attorneys for Plaintiff*
    39577 Woodward Ave., Ste. 300
    Bloomfield Hills, Michigan 48304
    (248) 203-0700
    bmoore@dykema.com
    mvogt@dykema.com

Date: September 22, 2016

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304


## VERIFICATION OF COMPLAINT

I, John Yee, having first been duly sworn, depose and state that I have read the foregoing Verified Complaint for and verify the facts stated therein as true and accurate based on my knowledge, information and belief.

*John Yee*
Asset Manager
LNR Partners, LLC

STATE OF FLORIDA )
) SS
COUNTY OF Miami-Dade )

The foregoing was acknowledged before me this 19th day of September 2016 by John Yee.

Notary Public, State of Florida, County of
Miami-Dade
My Commission Expires: Sept 15, 2019

PATRICIA MOSQUERA
Notary Public - State of Florida
Commission # FF 918374
My Comm. Expires Sep 15, 2019
Bonded through National Notary Assn.