UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LBCMT 2007-C3 EAST 8 MILE ROAD,
L.L.C.,

    Plaintiff,                                     Case No. 16-13436

v.                                               Honorable John Corbett O'Meara

JENO GUTTMAN,

    Defendant.
                                          /

**OPINION AND ORDER DENYING
DEFENDANT'S OCTOBER 18, 2016 MOTION TO DISMISS**

    This matter came before the court on defendant Jeno Guttman's October 18, 2016 motion to dismiss. Plaintiff LBCMT filed a response November 14, 2016; and Defendant filed a reply brief November 28, 2016. Pursuant to Local Rule 7.1(f)(2), no oral argument was heard.

**BACKGROUND FACTS**

    Plaintiff is a limited liability company; and its sole member is U.S. Bank National Association ("Trustee"), as trustee for the Registered Holders of LB-UBS Commercial Mortgage Trust 2007-C3, Commercial Mortgage Pass-Through Certificates, Series 2007-C3 ("Trust"). Trustee is a national banking association, and its article of association designate its main office in Cincinnati, Ohio.

The Trust was created pursuant to a Pooling and Service Agreement dated July 11, 2007 ("PSA").  The PSA defines the Trust as a "common law" trust and vests the Trustee with full title to, and control over, the Trust's assets.  The "beneficiaries" of the Trust do not "have any right to vote or in any manner otherwise control the operation and management of the Trust Fund, or the obligations of the parties hereto . . . ."  Plaintiff's Ex. A. § 11.03(b).  The PSA further provides, "No Certificate holder shall have any right by virtue of any provision of the [PSA] to institute any suit, action or proceeding in equity or at law upon or under or with respect to this Agreement of any Mortgage Loan . . . ."  Id. § 11.03(c).  Thus, under the PSA, the Trustee has complete control over the Trust's assets; and the certificate holders have none.

Plaintiff filed this suit and asserted subject matter jurisdiction based on diversity of citizenship.  Defendant Guttman filed this motion to dismiss, alleging that the court lacks jurisdiction because Plaintiff, a Delaware limited liability corporation, has failed to state the citizenship of each of the trust beneficiaries.

## LAW AND ANALYSIS

For purposes of diversity of citizenship, "a limited liability company . . . has the citizenship of its members."  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).  In this case plaintiff LBCMT's sole member is Trustee, and Trustee is a national banking association.  A national banking association, for purposes of

diversity, is deemed a citizen of "the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348.

In Navarro Savings Ass'n v. Lee, 446 U.S. 458 (1980), the United States Supreme Court held that a trustee is the real party to a case if he "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." Id. at 464. The Court differentiated between a trustee and a beneficiary because the beneficiary, unlike the trustee, could "neither control the disposition of this action nor intervene in the affairs of the trust . . . ." Id. at 464-65. The trustees in Navarro, like the Trustee in this case, were authorized under the document creating the trust "to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees." Id. at 464.

The Court concluded,

> We conclude that these respondents are active trustees whose control over the assets held in their names is real and substantial.
>
> \* \* \*
>
> They have legal title; they manage the assets; they control the litigation. In short, they are real parties to the controversy. For more than 150 years, the law has permitted trustees who meet this standard to sue in their own right, without regard to the citizenship of the trust beneficiaries. We find no reason to forsake that principle today.

Id. at 456-66.

The PSA in this case is very similar to the trust document at issue in <u>Navarro</u>. It expressly authorizes the Trustee to exhibit complete control over the Trust's assets and precludes the certificate holders from managing the Trust's assets in any way or initiating legal action on behalf of the Trust. Therefore, under the citizenship test set forth in <u>Navarro</u>, Plaintiff, through the citizenship of its sole member, the Trustee, is a citizen of Ohio; and guarantor Jeno Guttman is a citizen of New York. Thus, Plaintiff properly alleged diversity of citizenship as a basis of subject matter jurisdiction; and the court must deny defendant Guttman's motion to dismiss.

## **ORDER**

It is hereby **ORDERED** that defendant Guttman's October 18, 2016 motion to dismiss is **DENIED.**

                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  July 20, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, July 20, 2017, using the ECF system.

                                        s/William Barkholz
                                        Case Manager